UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>                              Plaintiff,<br><br>v.<br><br>LAWRENCE W. KELLY, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-00293-L-BGS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 8]** |

Pending before the Court is Defendant Michael K. Murphy's ("Murphy") motion to dismiss Plaintiff's complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  Plaintiff opposed the motion and Defendants replied.  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d.1).  For the reasons stated below, Defendants' motion to dismiss is **DENIED.**

## I.    BACKGROUND

Plaintiff suffers from various disabilities and at times relies on mobility devices for mobility including a wheelchair.  He alleges that he twice visited O'Sullivan's Irish Pub of Carlsbad ("O'Sullivan's") and encountered several access barriers, including no ASA-compliant disabled parking spaces, no disabled-accessible route connecting parking to the patio, a 13% slope, lack of handrails at stairs or ramps, and lack of grab bars in the restroom, all in violation of the Americans with Disabilities Act, 42 U.S.C. section 12101

*et seq*. ("ADA") and its implementing regulations. Plaintiff alleges he has been deterred from patronizing O'Sullivan's due to these barriers.

Plaintiff filed a complaint against Murphy and Lawrence W. Kelly alleging they own the property where O'Sullivan's is located. Plaintiff asserts two causes of action: (1) violation of the ADA; and (2) violation of California's Unruh Civil Rights Act, Cal. Civ. Code section 51 *et seq*. ("Unruh Act" or "Unruh"). He seeks damages and injunctive relief to remedy the access barriers. The Court has jurisdiction over Plaintiff's ADA claim under 28 U.S.C. § 1331.

Murphy filed a motion to dismiss challenging Plaintiff's constitutional standing to assert his claims, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Unruh Act claim.

## II. DISCUSSION

### A. Article III Standing

Murphy challenges Plaintiff's Article III standing for purposes of injunctive relief under the ADA. A federal court "may not decide a cause of action before resolving whether the court has Article III jurisdiction." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 n.6.[1] Federal jurisdiction under Article III depends on the existence of a case or controversy. *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972). Standing is required to establish a case or controversy. *RK Ventures*, 307 F.3d at 1056 n.6. Accordingly, the Court first turns to Murphy's argument that Plaintiff has not alleged Article III standing.

Article III "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488,

/ / / / /

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations and footnotes are omitted from all quotations.

493 (2009). Three elements constitute the "irreducible constitutional minimum" of standing:

> First, the plaintiff must have suffered an "injury in fact" . . .. Second, there must be a causal connection between the injury and the conduct complained of . . .. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Murphy contends that Plaintiff has not sufficiently alleged these elements.

The elements of standing "must be supported at each stage of the litigation in the same manner as any other essential elements of the case." *Civil Rights Educ. and Enforcement Ctr. v. Hospitality Prop. Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) (quoting *Cent. Delta Water Agency v. United States,* 306 F.3d 938, 947 (9th Cir. 2002)). Because this case is at the pleading stage, the Court applies the standard applicable to Rule 12(b)(6) motions.

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed if it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984). A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction . . .." Fed. R. Civ. P. 8(a)(1). Plaintiff's allegations must provide "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual

allegations. *Twombly*, 550 U.S. at 555.  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Article III "requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972).  A plaintiff has sustained an injury in fact only if he can establish "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

Where, as here, a party seeks injunctive relief, "past exposure to illegal conduct does not in itself show a present case or controversy." *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Instead, the plaintiff must allege "continuing, present adverse effects" stemming from the defendant's actions.  *Id.*  A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters him from making use of the defendant's facility.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc).  This is referred to as the "deterrent effect doctrine." *Id.* at 949–50.

> [W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the "futile gesture" of attempting to gain access in order to show actual injury.

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002).  "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1137.

Courts take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits "are the primary method of obtaining compliance with the Act." *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972); *see also* 42 U.S.C. § 12188(a) (providing private right of action for injunctive relief against public accommodations that violate the ADA).

/ / / / /

Where a plaintiff has not actually visited a place of public accommodation because she was deterred by noncompliance with the ADA but intends to visit when non-compliance is cured, the allegations are sufficient to allege an injury-in-fact for purposes of Article III standing, even if the plaintiff did not personally encounter any access barriers and the only reason she is motivated to visit is to test for ADA compliance.  *See Civil Rights Educ.*, 867 F.3d at 1099; *Pickern*, 293 F.3d 1136-37 ("[O]nce a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." . The injury continues so long as equivalent access is denied."). Further, a plaintiff's status as ADA tester does not deprive him or her of standing. *Civil Rights Educ.*, 867 F.3d at 1102.

Here, Plaintiff alleged he went to O'Suillvan's to purchase a drink and confirm that it was accessible to persons with disabilities but encountered access barriers.  (Compl. (doc. no. 1) at 3-4.)  In this regard, he "experienced" a "difficulty" and "is being deterred from patronizing" O'Sullivan's but intends to return "for the dual purpose of availing himself of the goods and services offered to the public and to ensure [it] ceases evading its responsibilities under federal and state law." (*Id*. at 5.)  These allegations are sufficient to allege injury-in-fact and causation elements of Article III standing  for purposes of the ADA.

Murphy contends Plaintiff lacks standing because he failed to allege a likelihood that the requested injunction enjoining Defendants from further violations of the ADA would provide meaningful relief. (Mot. (doc. no. 8-1) at 7; *cf.* Compl. at 9.)  The Court disagrees because Plaintiff alleged he is likely to visit O'Sullivan's again.  First, he alleged he actually went to O'Sullivan's before filing this action.  "[P]ast actions may constitute evidence bearing on whether there is a real and immediate threat of repeated injury." *Civil Rights Educ.*, 867 F.3d at 1100.  Further, "plans for future visits and status as an 'ADA tester who has filed  many similar lawsuits'" are also relevant. Plaintiff alleged, "Upon being informed that [O'Sullivan's] has become fully and equally

5

accessible, he will return within 45 days as a 'tester' for the purpose of confirming . . . accessibility." (Compl. at 5.)  Murphy admits that Plaintiff has filed copious ADA lawsuits against various businesses.  (Reply (doc. no. 10) at 2.)  Finally, Plaintiff requests an injunction enjoining Defendants from further ADA violations.  (Compl. at 9.)  This is sufficient to show that, if Plaintiff prevails and receives the requested relief, his injury will be redressed.  *See Civil Rights Educ.*, 867 F.3d at 1102.

For the foregoing reasons, Plaintiff has sufficiently alleged Article III standing for purposes of the ADA.

### B. Supplemental Jurisdiction over the Unruh Claim

"[C]onsiderations of judicial economy, convenience and fairness to litigants support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions."  *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  Because the Court has federal subject matter jurisdiction over the ADA claim pursuant to 28 U.S.C. § 1331, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

A state law claim is part of the same case or controversy when it shares a common nucleus of operative facts with the federal claims and the state and federal claims would normally be resolved in the same judicial proceeding.  *Trustees of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc*., 333 F.3d 923, 925 (9th Cir. 2003).  Plaintiff's State law Unruh claim shares the same nucleus of operative facts with his ADA claim; accordingly, the Court has supplemental jurisdiction.

Defendant requests the Court to decline to exercise supplemental jurisdiction arguing that the Unruh claim substantially predominates over the ADA claim and exceptional circumstances warrant declining jurisdiction.

/ / / / /

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> [¶]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> [¶] or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[U]nless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction *must* be asserted." *Executive Software N. Am, Inc. v. U.S. Dist. Ct. (Page)*, 24 F.3d 1545, 1556 (9th Cir. 1994), *rev'd on other grounds* (emph. added).

Murphy contends that the Unruh claim substantially predominates the ADA claim for two reasons. First, while both statutes provide for injunctive relief, only the Unruh Act also provides for damages. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (ADA); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834-35 (9th Cir. 2000) (Unruh Act); Cal. Civ. Code § 52(a). If Plaintiff proves all violations he alleges in his complaint, he could be entitled to recover a minimum of $36,000 in damages under the Unruh Act. (*See* Compl. at 4, 9.) Second, Murphy argues that Plaintiff "places intentionality at the heart of his claims for relief." (Mtn at 4.) In this regard, Plaintiff alleges that Defendants' violations were knowing because they "have been previously put on notice that [O'Sullivan's] is inaccessible to Plaintiff." (Compl. at 8.)

The Court is not persuaded by Murphy's arguments. Murphy cites no binding authority for the proposition that Unruh claims predominate ADA claims because of the potential to recover substantial damages. (*See* Mtn. at 4-6; Reply at 3-5.) ADA violations form the basis for both of Plaintiff's claims. (*See* Compl. at 4, 8.) Accordingly, Plaintiff will have to prove ADA violations to prevail on either of his claims. Although Plaintiff is seeking damages under the Unruh Act, he does not have to prove actual damages to recover statutory damages. *See Botosan*, 216 F.3d at 834-35.

Murphy further argues that the issue of intent is at the heart of Plaintiff's Unruh claim, suggesting that proof of intent is necessary to recover under the Unruh Act but not the ADA.  Although Plaintiff alleged that Defendants were on prior notice of the violations, proof of intent is not required for either claim in this case.  *See Lentini v. Cal. Ctr for the Arts,* 370 F.3d 837, 846 (9th Cir. 2004) (ADA); *Munson v. Del Taco, Inc.,* 46 Cal.4th 661, 670-73 (2009) (Unruh claim based on an ADA violation).  The Court is not persuaded that the allegation of prior notice renders the Unruh claim predominant so as to justify burdening two courts with the same dispute and the risk of inconsistent rulings.  *See Carnegie-Mellon Univ.*, 484 U.S. at 351 ("values of economy, convenience, fairness and comity" ("*Gibbs* values")).

Alternatively, Murphy argues the Court should decline to exercise supplemental jurisdiction pursuant of 28 U.S.C. § 1367(c)(4), a "catchall" provision, *Executive Software,* 24 F.3d at 1557, which applies to "exceptional circumstances" presenting "other compelling reasons."  Under this provision, the grounds for declining jurisdiction are "extended beyond the circumstances identified in subsections (c)(1)-(3) only if the circumstances are quite unusual." *Id.* at 1558.  Accordingly, "declining jurisdiction outside subsections (c)(1)-(3) should be the exception rather than the rule."  *Id.*  To properly decline supplemental jurisdiction under subsection (c)(4), a court "must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances."  *Id.*

Murphy argues this case presents exceptional circumstances because California legislature "adopted more stringent pleading requirements to deter baseless claims and vexatious litigation."  (Mtn at 5 (citing Cal. Civ. Proc. Code § 435.50).)  Although Murphy contends that Plaintiff is a frequent filer, having filed 100 cases in the past three years in this District (Mtn at 5), he does not claim that Plaintiff is a vexatious litigant or that his claims are baseless.  Like state courts, federal courts have a process for curbing vexatious litigation.  Murphy has not availed himself of this process.  Further, Murphy

contends that Plaintiff is forum shopping.  Plaintiff had two fora available to file this action.  Other than pointing to procedural advantages of the federal forum, Murphy does not contend that Plaintiff's choice was unlawful or otherwise inappropriate.  Murphy cites no binding authority (s*ee* Mtn at 5-6), and the Court is aware of none, for the proposition that these circumstances are exceptional under subsection (c)(4) so as to justify declining supplemental jurisdiction.  Finally, Murphy's contention that retaining jurisdiction over the Unruh claim would be contrary to the *Gibbs* value of comity (Mtn at 5) is equally unsupported.  Based on the foregoing, the Court does not find that this case presents exceptional circumstances or compelling reasons sufficient to justify burdening two courts with the same dispute and the risk of inconsistent rulings.

     For the foregoing reasons, Defendant Michael K. Murphy's motion to dismiss is denied.

     **IT IS SO ORDERED.**

Dated:  February 9, 2021

_____
Hon. M. James Lorenz
United States District Judge